In the Matter of CARMEN G. F. et al. ANGELA F., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent.—In consolidated proceedings pursuant to section 384 of the Social Services Law to commit the guardianship of two infant children to the respondent, the appeals are from (1) an order of the Family Court, Kings County, dated October 29, 1976, which, *inter alia,* granted the petitions and (2) two orders of commitment of the same court (one as to each child), both dated January 21, 1977. Orders reversed, on the law, and proceedings remanded to the Family Court for further proceedings consistent herewith. Where, as here, the proceedings pit the natural parent against an agency which seeks termination of parental rights, Law Guardians should be appointed to protect and represent the rights and interests of the children in controversy *(Matter of Orlando F.,* 40 NY2d 103, 112). On the remand the Family Court should reassess the mental status of the appellant natural mother and, if she is found to be incapable of adequately defending her rights, a guardian ad litem should be appointed to represent her (CPLR 321, subd [a]; CPLR 1201; see *Sengstack v Sengstack,* 4 NY2d 502). We have considered the natural mother's other points and have found them to be without merit. Suozzi, J. P., Gulotta, Cohalan and Margett, JJ., concur.

In the Matter of PAULA FARBMAN, Appellant, v BOARD OF EDUCATION OF PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the Plainview-Old Bethpage Central School District to reinstate petitioner to her former position, with back pay and other accrued emoluments, if any, from the date of the termination of her services, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated October 14, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements. We agree with the conclusion reached by the Special Term. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.